FILED
04/24/2020
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

IN RE: COVID-19 PANDEMIC

———————————

No. ADM2020-00428

———————————

**ORDER MODIFYING SUSPENSION OF IN-PERSON COURT PROCEEDINGS AND FURTHER EXTENSION OF DEADLINES**

On March 13, 2020, in response to the COVID-19 pandemic, the Chief Justice of the Tennessee Supreme Court declared a state of emergency for the Judicial Branch of Tennessee government and activated a Continuity of Operations Plan for the courts of Tennessee. See Tenn. Const. Art. VI, § 1; Tenn. Code Ann. §§ 16-3-501 to 16-3-504 (2009); Moore-Pennoyer v. State, 515 S.W.3d 271, 276-77 (Tenn. 2017); Tenn. Sup. Ct. R. 49. This state of emergency constitutes a "disaster" for purposes of Tenn. Sup. Ct. R. 49 and Tenn. Code Ann. § 28-1-116. On March 25, 2020, the Tennessee Supreme Court continued the suspension of in-person court proceedings and the extension of deadlines. Since that time, the State of Tennessee and its citizens have made progress in mitigating the risks associated with COVID-19 and preparing for a re-opening of various aspects of daily life. This includes a modification of the suspension of in-person court proceedings, with appropriate safeguards.

Under the constitutional, statutory, and inherent authority of the Tennessee Supreme Court, the prior suspension of in-person proceedings, except for jury trials, in all state and local courts in Tennessee, including but not limited to municipal, juvenile, general sessions, trial, and appellate courts, shall be modified as set forth in this order. Unless otherwise noted herein, the provisions of this order shall remain in place through Sunday, May 31, 2020.

1) The suspension of jury trials shall remain in effect through Friday, July 3, 2020. Any exceptions must be based on extraordinary circumstances and approved by the Chief Justice.

2) Courts should continue to conduct as much business as possible by means other than in-person court proceedings. Courts are encouraged to continue and even increase the use of telephone, teleconferencing, email, video conferencing or other means that do not involve in-person contact. All of these methods should be the preferred option over in-person court proceedings.

3) All courts within a judicial district shall continue to operate under the guidelines and restrictions set forth in this Court's March 25, 2020 order until the Chief Justice has approved a written plan for the judicial district within which the court is located.

The presiding judge or the designee of the presiding judge of each judicial district, in coordination with the designated judge or other designee of the general sessions, juvenile, and municipal courts within each judicial district, shall develop a comprehensive written plan to gradually begin conducting in-person court proceedings (other than jury trials) in some non-emergency matters. Each plan should contain guidelines and restrictions designed to minimize to the greatest extent possible the risk of the spread of COVID-19 from in-person court proceedings. The written plans may include different guidelines and restrictions for different courts or counties within a judicial district. The written plans should include guidelines and restrictions addressing matters including but not limited to admission into the courthouse, limitation of the number of persons in the courtroom, staggering of hearing times, management of social distancing in the courthouse and in the courtroom, and handling of witnesses (e.g., having witnesses remain in their vehicles or placing them in separate rooms). The use of personal protection such as face masks, as well as appropriate use of disinfectants, is encouraged in courthouses to protect court personnel and the public. Screening measures such as touchless thermometers and health questions relevant to COVID-19 may be used for entry into courthouses. However, factors such as availability and cost of such measures should be taken into consideration before inclusion as mandatory requirements in a written plan. Alternatively, a written plan may consist of an election to continue to operate under the guidelines and restrictions set forth in this Court's March 25, 2020 order. The presiding judge or the designee of the presiding judge of each judicial district shall submit its written plan to the Administrative Office of the Courts for approval by the Chief Justice.

4) Judges are charged with the responsibility of ensuring that core constitutional functions and rights are protected. Additionally, court clerks are charged with ensuring that court functions continue. See Tenn. Code Ann. §§ 18-1-101 (2009); 18-1-105 (Supp. 2019). Court clerks are to work cooperatively and at the direction of the presiding judge of each judicial district to fulfill the clerks' obligation to facilitate continuing court function. Nevertheless, all judges and court clerks should continue to minimize in-person contact by utilizing available technologies, including alternative means of filing, teleconferencing, email, and video conferencing.

5) Any Tennessee state or local rule, criminal or civil, that impedes a judge's or court clerk's ability to utilize available technologies to limit in-person contact is suspended through Sunday, May 31, 2020. See, e.g., Tenn. R. Civ. P. 43.01. With respect to plea agreements for non-incarcerated individuals, this suspension expressly applies to those provisions of Tenn. R. Crim. P. 11 which otherwise would require the proceeding to be in

person in open court. See, e.g., Tenn. R. Crim. P. 11(b)(1) and (2), 11(c)(2)(A). For purposes of implementing procedural matters during this time, the provisions of Rule 18(c) of the Rules of the Tennessee Supreme Court are suspended to allow judges to issue general orders.

6) Judges' offices and court clerks' offices may limit in-person contact with the public during the period of suspension, but must remain open for business. If it becomes necessary to restrict physical access to judges' or court clerks' offices during the period of suspension, these offices shall remain accessible by telephone, email and fax to the extent possible during regular business hours. If available, drop boxes should be used for conventionally filed documents.

7) Deadlines set forth in court rules, statutes, ordinances, administrative rules, or otherwise that are set to expire during the period from Friday, March 13, 2020, through Sunday May 31, 2020, are hereby extended through Friday, June 5, 2020. This extension does not apply to deadlines set forth in the Tennessee Rules of Appellate Procedure or the Rules of the Tennessee Supreme Court, except as otherwise provided by the orders of this Court entered March 27, 2020 (Order Suspending Board of Professional Responsibility's Proceedings and Extending Deadlines) (Order Regarding Continuing Legal Education), March 31, 2020 (Order Clarifying the Extension of Deadlines), and April 2, 2020 (Order Temporarily Modifying Certain Provisions of Tennessee Supreme Court Rule 7). This extension does not apply to deadlines set forth in pre-trial scheduling orders, but such deadlines remain subject to extension by the trial courts in their discretion. Statutes of limitations and statutes of repose that would otherwise expire during the period from Friday, March 13, 2020, through Sunday May 31, 2020, are hereby extended through Friday, June 5, 2020. See Tenn. Code Ann. § 28-1-116 (2017). Deadlines, statutes of limitations, and statutes of repose that are not set to expire during the period from Friday, March 13, 2020, through Sunday, May 31, 2020, are not extended or tolled by this order.

8) Attorneys and judges are encouraged to utilize the "Online Notary Public Act," Tenn. Code Ann. § 8-16-301, et seq., and the regulations promulgated by the Secretary of State at Sec. of State, Tenn. R. and Reg. 1360-07-03-.01. Additionally, Executive Order No. 26 issued by Governor Lee on April 9, 2020, addresses notary issues. With regard to court filings, declarations under penalty of perjury may be used as an alternative to a notary. The use of electronic signatures as provided under Rule 5B of the Tennessee Rules of Civil Procedure and Rules 46 and 46A of the Rules of the Tennessee Supreme Court is extended to any pleadings or documents to be filed or served by conventional means during the time that the state of emergency for the Judicial Branch remains in place.

9) Given the increasing economic issues caused by this pandemic, no judge, clerk, or other court official shall take any action to effectuate an eviction, ejectment, or other

displacement from a residence during the effective dates of this order based upon the failure to make a rent, loan, or other similar payment absent extraordinary circumstances as determined by a judge in a court of competent jurisdiction. Nothing in this order affects the obligations, terms, or conditions for payment under existing contracts. Judges also are encouraged to work with court clerks and local law enforcement to develop policies severely limiting or eliminating any new garnishments during this time.

10) Orders of protection and temporary injunctions that would otherwise expire during the period from Friday, March 13, 2020, through Sunday, May 31, 2020, are hereby extended through Friday, June 5, 2020.

This order applies statewide to all courts and court clerks' offices except administrative courts within the Executive Branch and federal courts and federal court clerks' offices located in Tennessee.

Under the terms of this order, the courts of Tennessee remain open, consistent with the Judicial Branch's obligation to mitigate the risks associated with COVID-19. Judges should work with local law enforcement and other county officials to ensure that, to the extent possible, courthouses remain accessible to carry out essential constitutional functions and time-sensitive proceedings.

This order is intended to be interpreted broadly for protection of the public from risks associated with COVID-19.

It is so ORDERED.

FOR THE COURT:

_____
Jeffrey S. Bivins, Chief Justice

_____
Cornelia A. Clark, Justice

_____
Sharon G. Lee, Justice

_____
Holly Kirby, Justice

_____
Roger A. Page, Justice

5