FILED
05/26/2020
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

IN RE: COVID-19 PANDEMIC
_____

No. ADM2020-00428
_____

**ORDER EXTENDING STATE OF EMERGENCY AND EASING SUSPENSION
OF IN-PERSON COURT PROCEEDINGS**

On March 13, 2020, in response to the COVID-19 pandemic, the Chief Justice of the Tennessee Supreme Court declared a state of emergency for the Judicial Branch of Tennessee government and activated a Continuity of Operations Plan for the courts of Tennessee. See Tenn. Const. Art. VI, § 1; Tenn. Code Ann. §§ 16-3-501 to 16-3-504 (2009); Moore-Pennoyer v. State, 515 S.W.3d 271, 276-77 (Tenn. 2017); Tenn. Sup. Ct. R. 49. This state of emergency constitutes a "disaster" for purposes of Tenn. Sup. Ct. R. 49 and Tenn. Code Ann. § 28-1-116. The Court hereby extends the state of emergency for the Judicial Branch of Tennessee government and the Continuity of Operations Plan for the courts of Tennessee. Unless otherwise noted herein, the provisions of this order shall remain in place until further order of this Court.

On March 25, 2020, the Tennessee Supreme Court continued the suspension of in-person court proceedings and the extension of deadlines. On April 24, 2020, the Court modified the suspension of in-person court proceedings and further extended deadlines. Pursuant to the Court's April 24, 2020 order, the Court has reviewed and approved comprehensive written plans received from the majority of judicial districts to gradually begin the conduct of in-person court proceedings.

Under the constitutional, statutory, and inherent authority of the Tennessee Supreme Court, the Court now further modifies the prior suspension of in-person court proceedings in all state and local courts in Tennessee, including but not limited to municipal, juvenile, general sessions, trial, and appellate courts, as set forth in this order.

1) The suspension of jury trials shall remain in effect through Friday, July 3, 2020. Any jury trial commenced after July 3, 2020, shall strictly comply with courtroom capacity and social distancing requirements applicable at the time of the trial. Jurors should be required to wear facial coverings as long as federal, state, and/or local guidelines recommend their use. If a juror does not bring an appropriate facial covering, a face mask shall be provided. In civil cases, jury trials shall proceed with a six (6)

person jury absent a specific written request by one of the parties for a twelve (12) person jury, separate and apart from any demand for a twelve (12) person jury contained in a complaint or answer. The specific written request for a twelve (12) person jury must be filed no later than twenty (20) days prior to the trial.

2) Courts should continue to conduct as much business as possible by means other than in-person court proceedings. Courts are encouraged to continue and even increase the use of telephone, teleconferencing, email, video conferencing or other means that do not involve in-person contact. All of these methods should be the preferred option over in-person court proceedings.

3) Except as otherwise provided herein, the provisions of paragraph 3 of the Court's April 24, 2020 order, concerning comprehensive written plans of judicial districts, shall continue to govern, including the provision which allows courts to continue operating under the restrictions set forth in the Court's March 25, 2020 order.

4) Judges are charged with the responsibility of ensuring that core constitutional functions and rights are protected. Additionally, court clerks are charged with ensuring that court functions continue. See Tenn. Code Ann. §§ 18-1-101 (2009); 18-1-105 (Supp. 2019). Court clerks are to work cooperatively and at the direction of the presiding judge of each judicial district to fulfill the court clerks' obligation to facilitate continuing court function. Nevertheless, all judges and court clerks should continue to minimize in-person contact by utilizing available technologies, including alternative means of filing, teleconferencing, email, and video conferencing.

5) Any Tennessee state or local rule, criminal or civil, that impedes a judge's or court clerk's ability to utilize available technologies to limit in-person contact is suspended until further order of this Court. See, e.g., Tenn. R. Civ. P. 43.01. With respect to plea agreements for non-incarcerated individuals, this suspension expressly applies to those provisions of Tenn. R. Crim. P. 11 which otherwise would require the proceeding to be in person in open court. See, e.g., Tenn. R. Crim. P. 11(b)(1) and (2), 11(c)(2)(A). For purposes of implementing procedural matters during this time, the provisions of Rule 18(c) of the Rules of the Tennessee Supreme Court are suspended to allow judges to issue general orders.

6) Judges' offices and court clerks' offices may limit in-person contact with the public during the period of suspension, but must remain open for business. If it becomes necessary to restrict physical access to judges' or court clerks' offices during the period of suspension, these offices shall remain accessible by telephone, email and fax to the extent possible during regular business hours. If available, drop boxes should be used for conventionally filed documents.

7) Deadlines set forth in court rules, statutes, ordinances, administrative rules, or

otherwise that are set to expire during the period from Friday, March 13, 2020, through Sunday May 31, 2020, remain extended through Friday, June 5, 2020, pursuant to the terms of paragraph 7 of the Court's April 24, 2020 order. The Court anticipates that there will be no further extensions of these deadlines.

8) Attorneys and judges are encouraged to utilize the "Online Notary Public Act," Tenn. Code Ann. § 8-16-301, et seq., and the regulations promulgated by the Secretary of State at Sec. of State, Tenn. R. and Reg. 1360-07-03-.01. Additionally, Executive Order No. 26 issued by Governor Lee on April 9, 2020, addresses notary issues. With regard to court filings, declarations under penalty of perjury may be used as an alternative to a notary. The use of electronic signatures as provided under Rule 5B of the Tennessee Rules of Civil Procedure and Rules 46 and 46A of the Rules of the Tennessee Supreme Court is extended to any pleadings or documents to be filed or served by conventional means during the time that the state of emergency for the Judicial Branch remains in place.

9) The moratorium on actions by judges, court clerks, and other court officials to effectuate an eviction, ejectment, or other displacement from a residence is hereby lifted effective June 1, 2020. In all judicial actions or proceedings seeking to effectuate an eviction, ejectment, or other displacement from a residence, the person or entity seeking such eviction, ejectment, or displacement shall file with the court a declaration under penalty of perjury, substantially in the form attached hereto, declaring that the property is not subject to the restrictions and limitations of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") (Public Law No. 116-136). This declaration must be filed no later than ten (10) days prior to any hearing on the matter; if the declaration is not timely filed, the hearing may not proceed and shall be reset. If the property is subject to the restrictions and limitations of the CARES Act, the proceeding shall be continued until after expiration of any moratorium under the CARES Act.

10) Orders of protection and temporary injunctions that would otherwise expire during the period from Friday, March 13, 2020, through Sunday, May 31, 2020, are hereby extended through Monday, June 15, 2020. The Court anticipates that there will be no further extensions of this deadline.

This order applies statewide to all courts and court clerks' offices except administrative courts within the Executive Branch and federal courts and federal court clerks' offices located in Tennessee.

Under the terms of this order, the courts of Tennessee remain open, consistent with the Judicial Branch's obligation to mitigate the risks associated with COVID-19. Judges should work with local law enforcement and other county officials to ensure that, to the extent possible, courthouses remain accessible to carry out essential constitutional functions and time-sensitive proceedings.

This order is intended to be interpreted broadly for protection of the public from risks associated with COVID-19.

It is so ORDERED.

FOR THE COURT:

_____
Jeffrey S. Bivins, Chief Justice

_____
Cornelia A. Clark, Justice

_____
Sharon G. Lee, Justice

_____
Holly Kirby, Justice

_____
Roger A. Page, Justice

IN THE _____ COURT FOR_____ COUNTY, TENNESSEE

_____
Plaintiff,

v.

_____          Case No. _____
Defendant

## DECLARATION UNDER PENALTY OF PERJURY

I, _____, hereby declare as follows:

1. I am __the Plaintiff or __an authorized agent of the Plaintiff in this action.

2. The facts stated in this Declaration are within my personal knowledge and are true and correct.

3. I submit this Declaration in support of this action with knowledge of my pleading obligations under the Tennessee Rules of Civil Procedure.

4. This action is being filed due to the non-payment of rent, fees, or other charges. ___Yes ___No

5. The property underlying this action is subject to a mortgage: ___Yes ___No.

6. If yes to paragraph 5, the mortgage is a federally backed mortgage loan or federally backed multifamily mortgage loan as defined in Section 4024(a)(2)(B) of the CARES Act (Public Law No. 116-136) and explained below: ___Yes ___No

A federally backed mortgage is defined as any loan subject to a lien that was made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by the Federal Government, or that is purchased or securitized by Freddie Mac or Fannie Mae.

7. The property underlying this action is a "covered property" as defined in Section 4024(a)(2)(A) of the CARES Act and specified below: ___Yes ___No

A "covered property" includes any property that participates in any of the following programs or receives funding from any of the following sources:

▪ Public Housing (42 U.S.C. § 1437d)

▪ Section 8 Housing Choice Voucher program (42 U.S.C. § 1437f)

- Section 8 project-based housing (42 U.S.C. § 1437f)
- Section 202 housing for the elderly (12 U.S.C. § 1701q)
- Section 811 housing for people with disabilities (42 U.S.C. § 8013)
- Section 236 multifamily rental housing (12 U.S.C. § 1715z–1)
- Section 221(d)(3) Below Market Interest Rate (BMIR) housing (12 U.S.C. § 1715l(d))
- HOME (42 U.S.C. § 12741 et seq.)
- Housing Opportunities for Persons with AIDS (HOPWA) (42 U.S.C. § 12901, et seq.)
- McKinney-Vento Act homelessness programs (42 U.S.C. § 11360, et seq.)
- Section 515 Rural Rental Housing (42 U.S.C. § 1485)
- Sections 514 and 516 Farm Labor Housing (42 U.S.C. §§ 1484, 1486)
- Section 533 Housing Preservation Grants (42 U.S.C. § 1490m)
- Section 538 multifamily rental housing (42 U.S.C. § 1490p-2)
- Low-Income Housing Tax Credit (LIHTC) (26 U.S.C. § 42)
- Rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r).

8. I declare under penalty of perjury under the laws of Tennessee that the foregoing is true and correct.

_____      _____
Date                              Signature

_____
Printed Name

_____
Title/Position

_____
Address

_____
Phone